Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA, )
Plaintiff, )
v. )
RONALD D. SORENSON, )
Defendant. )
) Case No. 3:06-cr-00019-RRB

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS**

## I. Facts.

On December 8, 2005, at approximately 0705 hours, officers responded to 207 Muldoon Ave, Room No. 207, the Ramada Inn Hotel, Anchorage, Alaska, to perform a warrant service on Ronald D. Sorenson. The Anchorage Police Dept had received previously a Crime Stoppers tip that Mr. Sorenson was inside the room rented by his girlfriend, Pamela Cameron.

Officer Aldridge arrived at approximately 0733 hours. According to reports, he made contact with the front desk clerk, Angelica Lynn-Regier. According to the report, Ms. Lynn-Regier stated she leased the room to Pamela Cameron. She further stated

she observed an individual matching the description of Mr. Sorenson entering the room at approximately 0200 hours on December 8, 2005.

Officers Carroll and Aldridge went to Room 207. The officers knocked upon the door. A female answered the door, and the officers inquired as to whether Ronald was inside. The report indicates that Ms. Cameron shook her head, and the officers then entered the room. They observed a male, later identified as Ronald Sorenson, sitting on the bed putting pants on. He was told not to move and to set his pants down. Ronald was placed into handcuffs. Observed on the floor by Ronald's feet was a blue American Tourister bag. By the bag, is described a "clear tube with a burn mark on the end, and a white residue all along the inside of the tube". The officers inquired as to whose bag it was in the room. Both Ronald and Ms. Cameron indicated they did not know, as the bag did not belong to either of them. Officer Carroll looked at each pocket of Mr. Sorenson's pants and discovered a large amount of cash in the right front pants pocket, totaling $1,371 in various bills. The bills are described as folded together in $100 increments. Mr. Sorenson was taken into custody on his outstanding arrest warrant for escape.

Officer Aldridge then applied for and was granted Search Warrant 3AN-S05-1265 SW which allowed him to search the American Tourister piece of luggage to which no one claimed ownership.

Subsequent to receiving and executing the warrant, inside the tote bag were located various personal items: one white ankle sock, and a blue plastic insulated lunch box. Inside the blue plastic insulated lunch box, the officer discovered several small baggies approximately one inch x one inch in diameter. Two of the baggies had white powder residue inside of them. Also located was a cellophane baggie containing suspected psilocybin mushrooms. Also located was a small child’s sip-style cup containing a white crystalline substance. The officers suspected it to be methamphetamine. Also located were two glass smoking pipes with a bulge on one end. In the lower zipper half of the lunch box, the officer found a small black electronic scale inside a cardboard box. Nothing was located on or within the luggage to immediately link ownership of the bag with the items in the bag. However, the officer submitted the container with the suspected methamphetamine, the plastic baggies found with the suspected methamphetamine, and the digital scales for fingerprints. To date, fingerprint results have not yet been received. Subsequently, the officer entered all seized items pursuant to the search warrant into APD Property & Evidence.

## II. Argument.

Defendant Ronald D. Sorenson hereby moves to suppress all evidence seized from the motel room, as no consent was given to allow the officers to enter the room, and the eventual warrant executed upon the American Tourister piece of luggage is fruit of the poisonous tree.

In Payton v. New York, 445 U.S. 573, 603, 63 L.Ed.2d 639, 100 S.Ct. 1371 (1980), the supreme court held that an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives, when there is reason to believe the suspect is within. However, in Steagald v. United States, 451 U.S. 204, 215-16, 68 L.Ed.2d 38, 101 S.Ct. 1642 (1981), the Supreme Court held that, absent exigent circumstances, an arrest warrant does not justify entry into a third person's home to search for the subject of the arrest warrant.

Thus, under Steagald, if the suspect is just a guest of the third party, then the police must obtain a search warrant for the third party's dwelling. See Id. at 213. But if the suspect is a co-resident of the third party, then Steagald does not apply, and Payton allows both arrest of the subject of the arrest warrant, and use of the evidence found against the third party. See United States v. Robertson, 833 F.2d 777, 780 (9th Cir. 1987).

In Perez v. Simmons, 884 F.2d 1136, 1140 (9th Cir. 1988), a section 1983 action, this circuit considered “what constitutes a person’s ‘home’ within the meaning of Payton and Steagald.” In Perez, Albert Perez, the subject of the arrest warrant, had a occasionally spent the night at his sister’s apartment. The Perez court refused to view “Irma Perez’s apartment as Albert’s residence even though he may have occasionally spent a night there.” Id. at 1141.

The Perez court summarized its holding by stating that a violation of Irma Perez’s Fourth Amendment rights occurred “unless a jury finds that Albert was an actual co-resident of the apartment, and the police had reasonable grounds for believing that Albert was in the apartment at the time...” Id. at 1142 (emphasis added).

In the case of Mr. Sorenson, he did not rent the hotel room. It was rented by Ms. Cameron. Mr. Sorenson was nothing more than an invited guest of Ms. Cameron to the hotel room.

The officers did not have a search warrant to allow them to search the premises or for Mr. Sorenson. There is nothing to establish that Mr. Sorenson was in the hotel room, prior to the officers effectuating non-consensual entry, under the color of law. The information given by the hotel clerk, Angelica Lynn-Regier, indicated that she had seen someone matching Mr. Sorenson’s description entering the room at approximately 0200

hours on December 8, 2005. The officers responded at approximately 0730, some five and a half hours after the clerk's sighting of what she believed to be Mr. Sorenson.

The officers going to the door, according to reports, could hear two voices. However, neither of the officers has indicated that of the two voices they heard, one was that of Mr. Sorenson. See United States v. Litteral, 910 F.2d 547 (9th Cir. 1990).

The officers' non-consensual and unlawful entry into the hotel room, without warrant, and their subsequent observation of what they believed to be "drug paraphernalia" including the American Tourister piece of luggage, was observed from a vantage point which does not constitute plain view, nor any other exception to the search warrant requirement. There are no exigent circumstances described within the police report.

Nevertheless, if the court finds that entrance into the hotel room was non-consensual, it is inevitable then that evidence seized from the search of the American Tourister piece of luggage, pursuant to warrant, would be suppressible as fruit of the poisonous tree. See Wong Sun v. United States, 371 U.S. 471, 484, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); quoting Wong Sun v. United States, 371 U.S. 471, 484, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

**III. Conclusion.**

It is respectfully requested that all evidence seized from the hotel room, No. 207, at the Ramada Inn located on Muldoon Rd, Anchorage, Alaska, be suppressed in its entirety.

Dated at Anchorage, Alaska, this 7th day of July 2006.

LAW OFFICES OF LANCE C. WELLS, P.C.

s/Lance C. Wells
Attorneys for Ronald D. Sorenson
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 7th, 2006, a copy of the foregoing was served electronically:

David A. Nesbett
Asst. U.S. Attorney
david.nesbett@usdoj.gov

s/Lance C. Wells