DEBORAH M. SMITH
Acting United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: david.nesbett@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-00019-RRB |
| | ) | |
| Plaintiff, | ) | **UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS** |
| | ) | |
| vs. | ) | |
| | ) | |
| Ronald D. Sorensen, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

I.  INTRODUCTION

The defendant, Ronald D. Sorensen, moves to suppress evidence resulting from his contact with Anchorage police officers on December 8, 2005. The officers were given consent by Pamela Cameron to enter the room, No. 207, at the

Ramada Inn located on Muldoon Rd., Anchorage, Alaska. Therefore, the government opposes the defendant's motion. The evidence seized as a result of the officers' entry should not be suppressed.

II.   FACTS

On December 8, 2005, at approximately 0733 hours, Officer Aldridge and Officer Carroll arrived at the Ramada Inn located on Muldoon Rd., Anchorage, Alaska, based on a warrant service for the arrest of the defendant, Ronald Sorensen. The officers first made contact with the front desk clerk, Angelica Lynn-Regier. According to the report, Ms. Lynn-Regier stated she leased the room, No. 207, to Pamela Cameron and that she observed an individual matching the description of Sorensen entering the room at approximately 0200 hours on December 8, 2005 earlier that morning.

Officers Aldridge and Carrol went to Room 207. The officers knocked on the door and a female, later identified as Pamela Cameron, answered the door. The officers asked if Sorensen was in the room and Ms. Cameron replied affirmatively. The officers then asked if they could enter the room. Ms. Cameron nodded her head and said that the officers could enter the room. The officers entered the room and observed Ronald Sorensen sitting on the bed putting on a pair of pants. He was told not to move and set his pants down. Sorensen was then placed into handcuffs by the officers. On the floor by Sorensen's feet was a blue American

Tourister bag. By the bag, there was a clear tube with a burn mark on the end and a white substance inside the bag. The officers inquired as to whose bag it was and both individuals denied owning the bag. Officer Carroll looked in each pocket of Sorensen's pants and discovered a large amount of cash in the right front pocket totaling $1,371 dollars in various bills. The bills were folded together in $100.00 increments. Sorensen was taken into custody on the outstanding warrant for his arrest from the Alaska State Troopers for escape.

Officer Aldridge applied for and was granted Search Warrant 3AN-S05-1265 SW which allowed him to search the room and bag. Inside the American Tourister bag were various personal items such as one white ankle sock and a blue plastic insulate lunch box. Inside the blue plastic insulated lunch box, Officer Aldridge discovered several small baggies approximately one inch by one inch in diameter. Two of the baggies had a white powder residue inside of them. There was also a cellophane baggie containing suspected psilocybin mushrooms, a small child's sip style cup containing white crystalline substance suspected Methamphetamine, and two glass smoking pipes with a bulge on one end. In the lower zippered half of the lunch box, Officer Aldridge found a small black electronic scale inside a cardboard box. The officers then entered all seized items pursuant to the search warrant into APD Property & Evidence.

III.   ARGUMENT

The defendant argues that the officers unlawfully entered the hotel room. Defendant argues that no consent was given to allow officers to enter room and, therefore, the search warrant executed upon the room and bag is fruit of the poisonous tree.

A.  Cameron Voluntarily Consented to the Search of the Hotel Room

The Fourth Amendment generally prohibits the warrantless entry of a person's home or residence to make an arrest or to search for specific objects. Illinois v. Rodriguez, 497 U.S. 177, 181 (1990); citing Payton v. New York, 445 U.S. 573 (1980).  The prohibition does not apply, however, to situations in which voluntary consent has been obtained from the individual whose property is searched.  Id; citing Schneckloth v. Bustamonte, 412 U.S. 218

Here, Pamela Cameron rented the hotel room, No. 207, at the Ramada Inn and, therefore, had authority to allow the officers to enter the room.  When asked if she would allow the officers to enter the room, Ms. Cameron replied affirmatively and allowed the officers to enter the room.  The officers entered *only* after Ms. Cameron consented to their entry.  Once inside, the officers observed Sorensen on the bed and the American Tourister bag on the floor.  Sorensen was taken into custody based on his outstanding warrant for his arrest from the Alaska State

Troopers for escape. The officers then obtained a search warrant for the hotel room and the American Tourister bag.

　　B.  Fruit of the Poisonous Tree Does Not Apply

The evidence seized pursuant to the search warrant is not fruit of the poisonous tree because the officers obtained consent from Ms. Cameron to enter the hotel room. See Wong Sun v. United States, 371 U.S. 471, 484, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The officers lawfully entered the hotel room and, therefore, the subsequent evidence seized pursuant to the search warrant should not be suppressed.

　　C.  Sorensen Lacks Standing

In United States v. Sarkisian, 197 F.3d 966, 987 (9th Cir. 1999), the court held that a defendant who merely possesses the authority to access a storage rental room but does not use it, without more, lacks Fourth Amendment standing to challenge the unlawful search of that area. See also United States v. Aguirre, 839 F.3d 854, 859 (1st Cir. 1988) (defendant lacked standing to challenge search of an apartment where, among other things, defendant denied any interest in the items seized and there was no proof of former usage of apartment.) Here, Sorensen lacks standing because Sorensen was not paying for the hotel room and he denied any interest in the items seized.

## IV. CONCLUSION

The officers did not violate the defendant's Fourth Amendment rights. Ms. Cameron had authority to give consent to enter the hotel room and Ms. Cameron gave explicit consent to the officers to enter the hotel room.

Based on the foregoing, the officers did not violate the defendant's Fourth Amendment rights and, therefore, the evidence should not be suppressed.

RESPECTFULLY SUBMITTED this 17th day of July, 2006, in Anchorage, Alaska.

>DEBORAH M. SMITH
>Acting United States Attorney
>
>s/ David A. Nesbett
>Special Assistant U.S. Attorney
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-3668
>Fax: (907) 271-1500
>E-mail: david.nesbett@usdoj.gov

Certificate of Service
I declare hereby certify that on July 17, 2006
a copy of the foregoing was served electronically
on Lance Wells, Esq.


  s/David A. Nesbett
Assistant U.S. Attorney