Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| RONALD D. SORENSEN, ) | |
| ) | |
| Defendant. ) | |
| _____) | Case No. 3:06-cr-00019-RRB |

**AFFIDAVIT OF RONALD D. SORENSEN**

STATE OF ALASKA           )
                          ) ss:
THIRD JUDICIAL DISTRICT   )

I, Ronald Sorensen, depose and state as follows:

1. I am the defendant in the above-captioned action.

2. I make this affidavit in support of my motion to suppress items seized as a result of the search warrant issued at my residence.

3. Ms. Mitchell and I had been living together. We could best be described as room-mates.

4. I had a key to the residence; my belongings are there, including my clothes. I lived there.

5. At times, I stayed at other locations for a day or two, as I was with my girlfriend.

6. I did not feel it appropriate to have my girlfriend in the residence where I was living with my room-mate.

7. I hereby assert and believe that I have standing to bring this motion.

8. I am aware of the evidentiary items seized from my residence located at 5908 Craig Drive, Anchorage, Alaska. That would also include the evidentiary items removed from the neighbor's garbage.

9. At the time I was arrested in Room 207 of the Ramada Inn on Muldoon Road, there was located within the hotel room, an American Tourister piece of luggage.

10. I was questioned as to who owned it. I denied ownership; so did Ms. Cameron, my girlfriend at the time.

11. At no time did I admit that the suitcase was mine; nor did Ms. Cameron admit it was hers.

12. Officer Dorr intentionally and purposefully misled the magistrate into believing that I admitted the suitcase was mine. No such thing occurred.

13. Office Dorr further failed to advise the magistrate of Ms. Mitchell's condition at the time she was arrested. Ms. Mitchell stated to the arresting officers that she had smoked too much methamphetamine and needed to go to the hospital. Mr. Dorr further failed to advise the issuing magistrate that she was having hallucinations, and believing that she was Sandra Bullock. He further failed to mention the fact that she was under the

significant influence of drugs; that her appearance could best be described as disheveled and dirty, and that she was contacted because of her strange behavior. He further failed to advise the issuing magistrate that she was going to be taken for psychiatric observation until such point as methamphetamine was located within a bag which she was clutching at the time of her arrest.

    14. I believe these omissions, by APD Officer Gordon Dorr (whom I now have discovered is also an attorney from the State of Georgia), were done intentionally, and with the intent to deceive the magistrate in order to obtain probable cause for the issuance of the warrant for our residence.

    15. I request that a Franks (citations omitted) hearing be held.

    FURTHER YOUR AFFIANT SAYETH NAUGHT.

    DATED at Anchorage, Alaska, this _____ day of July 2006.

                                      _____
                                      Ronald D. Sorensen

    SUBSCRIBED AND AFFIRMED before me this _____ day of July 2006, at Anchorage, Alaska.

                                      _____
                                      Notary in and for Alaska
                                      My commission expires:_____

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on
July 17th, 2006, a copy
of the foregoing was served
electronically:

David A. Nesbett
Asst. U.S. Attorney
david.nesbett@usdoj.gov

s/Lance C. Wells