Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RONALD D. SORENSEN, | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. 3:06-cr-00019-RRB |

**OBJECTIONS
TO RECOMMENDATION REGARDING
MOTION TO SUPPRESS AT DOCKET 37**

COMES NOW DEFENDANT RONALD D. SORENSEN by and through his attorney of record LANCE C. WELLS of the LAW OFFICES OF LANCE C. WELLS, P.C. and hereby files his Objections to Magistrate Roberts' Recommendation to deny Defendant's Motion to Suppress at Docket 37.

On reviewing the recommendation prepared by Magistrate Roberts, he is correct in that the issue presented is whether the police officers had a valid consent to enter a hotel room to execute an arrest warrant for defendant Sorensen. An evidentiary

hearing was held at which time testimony was presented on behalf of the government, and defense.

A warrantless entry into a hotel room must be justified by exigent circumstances. The United States Supreme Court has held that absent consent or exigent circumstances, police cannot search for a fugitive in the house of a third party without a warrant based on evidence that the fugitive is expected to be in the house of the third party. Steagald v. United States, 451 U.S. 204, 213, 216 (1981). In the case at bar, there were no exigent circumstances justifying warrantless entry into the room in order to try and locate Mr. Sorensen.

The government has relied upon a voluntary consent that was allegedly provided by the renter, Ms. Pamela Cameron. The prohibition of the Fourth Amendment against warrantless entry does not apply to situations in which voluntary consent has been obtained from the individual whose property is searched. Mr. Sorensen contends and testified that Ms. Cameron did not provide a voluntary consent. The officers who testified concluded that they had obtained a consent from Ms. Cameron before they entered. This is based on the fact that they heard Ms. Cameron verbalize a statement, although they could not remember the exact wording, which allowed them and gave them consent to enter the hotel room. Defendant testified contrary to this in that he did not hear Ms. Cameron utter any words allowing the officers

permission to enter the hotel room; nor was Ms. Cameron informed that she could deny the officers' request to enter the hotel room.

The Ninth Circuit has identified five factors for consideration in determining the voluntariness of a consent to search. <u>United States v. Soriano</u>, 361 F.3d 494 (9th Cir), cert denied 543 U.S. 852, 125 S.Ct. 266 (2004). First, the court inquires whether the defendant was in custody. Mr. Sorensen was not in custody at the time, but did have an active warrant for his arrest. Secondly, the court considers whether the arresting officers had their guns drawn. On the facts at bar, the officers testified during the evidentiary hearing that they did not have their guns drawn at the time they were outside of the door, but that they may have had their guns drawn at the time they entered the room to look for Mr. Sorensen. Mr. Sorensen testified to the contrary, that the officers' weapons were drawn at the time they entered the hotel room. Third, the court considers whether <u>Miranda</u> warnings were given. Here, <u>Miranda</u> warnings were not applicable, and none were given. Fourth, the court considers whether the consenter was notified that she had a right not to consent. Here, testimony is clearly upon the record that the alleged consenter, Ms. Cameron, was not notified that she had a right not to consent to a search of the hotel room. The fifth factor inquires into whether the defendant had been told that a

search warrant could be obtained. No mention of a search warrant being obtained was made to Ms. Cameron. Nor was there any threat of a search warrant or any other action the officers might take if Ms. Cameron did not consent to their entry. These factors are to be determined under the test of "totality of the circumstances".

Under the facts surrounding this case, and based upon the testimony given by the defendant as well as the two officers testifying, it is defendant's position that Ms. Cameron's consent was not voluntary, and that she did not acquiesce to the officers' entry into the hotel room. Simply put, Ms. Cameron opened the door, made no verbal statement allowing the officers entry, and that the officers' entry into the residence was non-consensual, and of their own volition. Ms. Cameron did not give verbal consent or otherwise via her body language.

It is respectfully requested that defendant's first motion to suppress be granted.

Dated at Anchorage, Alaska, this 18th day of August 2006.

LAW OFFICES OF LANCE C. WELLS, P.C.

s/Lance C. Wells
Attorneys for Ronald D. Sorensen
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 18th, 2006, a copy of the foregoing was served electronically:

David A. Nesbett
Asst. U.S. Attorney
david.nesbett@usdoj.gov

s/Lance C. Wells

Case 3:06-cr-00019-RRB   Document 75   Filed 08/18/2006   Page 5 of 5

OBJECTIONS TO RECOMMENDATION REGARDING MOTION TO SUPPRESS AT DOCKET 37
United States of America v. Ronald D. Sorensen                            Page 5 of 5
Case No. 3:06-cr-00019-RRB