IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>RONALD DALE SORENSON,<br><br>          Defendant. | Case No. 3:06-cr-0019-RRB<br><br>**ORDER DENYING DEFENDANTS'<br>MOTIONS TO SUPPRESS** |

**I.   INTRODUCTION**

Before the Court is Defendant Ronald D. Sorenson with two motions to suppress at Dockets 37 and 44.

The Court has studied the file in this matter and the pleadings relevant to Defendant's Motion to Suppress at Docket 37. The Court has also considered the Magistrate Judge's Recommendation at Docket 70 and Defendant's Objections, at Docket 75, to the Magistrate Judge's Recommendation. Based thereon, the Court hereby **ADOPTS** the Magistrate's Recommendation and **DENIES** Defendant's Motion to Suppress at Docket 37. The Court does so for the reasons specifically articulated by the Magistrate Judge.

The Court has also studied the pleadings relevant to Defendant's Motion to Suppress Evidence Derived from Search Warrant 3AN-05-1286 SW at Docket 44. Defendant argues the Court should suppress the evidence derived from this search warrant because there was no probable cause for issuance of the warrant. Specifically, Defendant argues that lack of independent corroboration and omissions in Officer Dorr's testimony regarding Mitchell's condition render the search warrant invalid.

Plaintiff United States of America opposes at Docket 52 and argues Defendant's motion should be denied because: (1) the search warrant was issued by a neutral and detached magistrate based upon probable cause; and (2) Defendant failed to satisfy his burden of proving that the search warrant is invalid. Plaintiff is correct on both accounts.

Because the parties essentially agree as to the facts, the facts are not repeated here.

## II.  STANDARD OF REVIEW

A search warrant is presumably valid. To overcome this presumption, a defendant must prove, by a preponderance of the evidence, that there was a knowing and intentional falsehood or

reckless disregard for the truth, and that the challenged statement or affidavit was essential to the finding of probable cause.[1]

A magistrate's role "to make a practical, common sense decision whether, given all the circumstances set forth . . . [that] there is a fair probability that contraband or evidence of a crime will be found in a particular place."[2]  The duty of a reviewing court "is simply to ensure that the magistrate had a 'substantial basis for . . . concluding' that probable cause existed."[3]  A magistrate's determination of probable cause will be reversed only if it is clearly erroneous.[4]

**III. DISCUSSION**

As Defendant correctly points out, an assessment of probable cause can be based on various factors, including statements against penal interest,[5] purchases of controlled

---

[1] United States v. Dozier, 844 F.2d 701, 704 (9th Cir. 1988).

[2] Illinois v. Gates, 462 U.S. 213, 238-39 (1983) (citing Jones v. United States, 362 U.S. 257 (1960)).

[3] Id.

[4] Id. (citing United States v. McQuisten, 795 F.2d 858, 863 (9th Cir. 1986)).

[5] United States v. Dozier, 826 F.2d 866, 871-72 (9th Cir. 1987).

substances under controlled circumstances,[6] the details of the information,[7] the presence of interlocking tips,[8] and corroboration by the police, as well as the training and experience of the affiant.

Defendant argues that lack of independent corroboration by the officers involved in obtaining the warrant and Officer Dorr's testimony before the issuing magistrate, which omitted details of Mitchell's condition, render the search warrant invalid for lack of probable cause. Defendant also argues that Officer Dorr violated Mitchell's rights under Miranda.

### A. Independent Corroboration.

Ample independent corroboration exists. Officer Carson found nine one-ounce bags of methamphetamine in Mitchell's possession. Mitchell voluntarily told Officer Dorr about Defendant's and Mitchell's trafficking operation at their residence. In addition, the arrest of Defendant by Officers Aldridge, Hakenson, and Carrol on December 8, 2005, for possession of a

---

[6] United States v. Angulo-Lopez, 791 F.2d 1394, 1397-99 (9th Cir. 1986).

[7] United States v. Estrada, 733 F.2d 683, 685-86 (9th Cir. 1984).

[8] United States v. Landis, 726 F.2d 540, 541-44 (9th Cir. 1984).

suitcase which contained methamphetamine, constitutes independent corroboration.

Defendant argues that the suitcase has not been linked to Defendant by way of fingerprints or otherwise and that both Defendant and Pamela Cameron, who was with Defendant in the hotel room at Ramada Inn when Defendant was arrested, denied ownership of the suitcase.  Regardless of whether ownership of the suitcase is still in question, "the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . concluding' that probable cause existed."[9]  The Court concludes that adequate independent corroboration exists and that the magistrate had a substantial basis for finding probable cause, which was independently corroborated by multiple officers.

B.  **Immaterial Omissions in Officer Dorr's Testimony.**

Any omission in Officer Dorr's testimony before the magistrate is immaterial.  The magistrate issuing the challenged warrant was well aware of the circumstances of Mitchell's detention and had already heard testimony from Officer Carson in two prior applications.  Officer Dorr appeared before the magistrate only

---

[9] Illinois v. Gates, 462 U.S. 213, 238-39 (1983) (citing Jones v. United States, 362 U.S. 257 (1960)).

<u>after</u> Officer Carson applied for and was denied a search warrant for Mitchell's residence and <u>after</u> Mitchell personally appeared before the magistrate for her bail hearing. The magistrate granted Officer Dorr's application based on the combined testimony of Officer Carson and Officer Dorr, after having an opportunity to personally observe Mitchell's demeanor. At the evidentiary hearing, Officer Dorr testified that his testimony would have been different had it been the magistrate's initial introduction to the facts and circumstances of the case.

None of Officer Dorr's alleged omissions negate probable cause. Mitchell's claim to be 'Sandra Bullock' and her statement that she smoked too much "meth," coupled with her erratic behavior characteristic of someone under the influence of methamphetamine and her possession of significant quantities of methamphetamine in her immediate possession, created a reasonable basis for concluding that she was drug trafficking and would likely have additional evidence of trafficking at her residence.

**C.  Miranda Violation.**

Defendant claims that Mitchell did not validly waive her rights under <u>Miranda</u>. This, however, is not relevant insofar as Defendant is concerned and would not have detracted from the magistrate's probable cause analysis.

**IV.   CONCLUSION**

For the aforesaid reasons, Defendant's Motion to Suppress at Docket 37 and Motion to Suppress Evidence Derived from Search Warrant 3AN-05-1286 SW at Docket 44 are hereby **DENIED**.

ENTERED this 22nd day of August, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE