NELSON P. COHEN
United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: david.nesbett@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-00019-RRB-JDR |
|  | ) |  |
| Plaintiff, | ) | **UNITED STATES'** |
|  | ) | **OPPOSITION TO** |
| vs. | ) | **DEFENDANT'S MOTION TO** |
|  | ) | **WITHDRAW PLEA** |
| RONALD D. SORENSEN, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

I.    INTRODUCTION

The defendant, Ronald D. Sorensen, moves to withdraw his plea of guilty to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, 841(a)(1) and (b)(1)(A).  This court carefully discussed the plea

colloquy with Sorensen and, following his statement of "guilty," the court accepted Sorensen's plea. Sorensen has not met his burden to provide the court with a fair and just reason to withdraw his plea and, therefore, the government opposes the defendants' motion.

II.    FACTS

On August 28, 2006, Sorensen changed his plea. The court thoroughly discussed the guilty plea colloquy with Sorensen. Sorensen was sworn and the court explained to him that he would be subject to further criminal charges for perjury if he failed to tell the truth once under oath. Sorensen acknowledged the court's statement. The court discussed Sorensen's background in detail before finding that he was knowingly and voluntarily entering his plea. The court asked Sorensen if he was satisfied with the legal representation he had received from Mr. Wells. Sorensen agreed that Mr. Wells had discussed the case in detail with him and had answered all of his questions. Sorensen replied affirmatively that he was indeed satisfied with his legal representation. The court discussed with Sorensen the maximum penalties for the crime of conspiracy to possess with the intent to distribute methamphetamine. The court further discussed, in particular detail, the likely range of imprisonment under the Sentencing Guidelines that would apply to his case. Sorensen acknowledged his understanding of the court's

comments. The court discussed the elements of the charge and the facts that the government would have to prove in the event of a trial. The court discussed in detail Sorensen's trial rights and those rights he would be giving up by pleading guilty. Sorensen again acknowledged the court's comments. The government then described in detail those facts that it would be prepared to prove in the event of a trial. Sorensen admitted those facts. Sorensen then admitted his guilt by stating on the record that he was guilty of the crime charged. The court found Sorensen's admission provided a factual basis for the elements of the crime charged and accepted Sorensen's plea of guilty.

On the record, the parties then discussed the benefits Sorensen would be receiving as a result of his guilty plea. The government agreed to a three-level downward adjustment from his base offense level calculation for acceptance of responsibility. The government further agreed not to file notice pursuant to section 851, agreed to recommend the low-end of the applicable guideline range as calculated by the PSR and, finally, agreed to leave open the possibility of a 5K1 or Rule 35 motion for a subsequent departure downward based on his level of cooperation with the government.

III.   ARGUMENT

A defendant must show a fair and just reason to withdraw his guilty plea. In

United States v. Hyde, 520 U.S. 670 (1997), the Supreme Court articulated the standard that applies to those defendants who seek to withdraw their pleas of guilty after the court has accepted their plea but prior to imposing sentence. The Supreme Court held that in the event a defendant seeks to withdraw his plea of guilty, he may not withdraw his plea unless he shows a "fair and just reason." Id. at 671. The Supreme Court rejected the Ninth Circuit's holding that a defendant can withdraw his plea for any reason. "After the defendant has sworn in open court that he actually committed the crimes, after he has stated that he is pleading guilty because he is guilty, after the court has found a factual basis for the plea, and after the court has explicitly announced that it accepts the plea, the Court of Appeals would allow the defendant to withdraw his guilty plea simply on a lark." Id. at 676. The Supreme Court cited to the Advisory Committee's Notes when it explained why such an analysis could not be so.

> Given the great care with which pleas are taken under the revised Rule 11, there is no reason to view pleas so taken as merely tentative, subject to withdrawal before sentence whenever the government cannot establish prejudice. Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, however, a guilty plea is no such trifle, but a grave an solemn act, which is accepted only with care and discernment.

<u>Id.</u> at 676-77 (<u>citing</u> Advisory Committee's Notes on Fed. Rule Crim. Proc. 32 (quotations omitted)).[1]

Thus, the defendant bears the burden of demonstrating a fair and just reason for withdrawal of his guilty plea. <u>United States v. Turner</u>, 898 F.2d 705, 713 (9th Cir. 1990). A "fair and just reason" involves a plea that is "unfairly obtained or given through ignorance, fear, or inadvertence." <u>Kercheval v. United States</u>, 274 U.S. 220, 224 (1927).

Here, Sorensen has not demonstrated a fair and just reason for withdrawal of his guilty plea. Sorensen has made no claim that the court mistakenly omitted any element of the plea colloquy. Sorensen instead claims that he felt pressured by the court and his attorney to change his plea. Sorensen further claims that he is not satisfied with his representation by Mr. Wells, that Mr. Wells should have filed additional motions based on perceived constitutional violations.

First, Sorensen had ample time to consider his change of plea. On at least one previous occasion, the court was forced to delay the change of plea hearing, after Sorensen had filed the notice of his intent to change his plea, due to his hesitancy to enter his plea of guilty. As a result, this court was particularly careful

---

[1] Prior to the revision of Rule 11, Rule 32 previously governed a defendant's motion to withdraw a guilty plea.

during the plea colloquy to make certain to address any concerns Sorensen may have had. Second, vague statements of constitutional violations do not suffice to demonstrate that Mr. Wells was ineffective. On the contrary, Mr. Wells vigorously represented Sorensen through extensive motion practice and evidentiary hearings on a wide range of legal issues, including alleged constitutional violations. The court heard these motions, which raised the same issues that Sorensen now wishes to re-litigate, and ruled accordingly. There is no evidence to suggest that Mr. Wells acted in any way other than superbly during his legal representation of Sorensen.

Ultimately, Sorensen's plea of guilty did not involve a plea that was unfairly obtained or given through ignorance, fear, or inadvertence. Sorensen has not raised any issue that could not have been dealt with at the time he changed his plea. Any question that Sorensen now has could have been discussed at the time of the plea colloquy. Sorensen's motion is merely an attempt to degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess. Hyde, 520 U.S. at 677.

IV. CONCLUSION

Based on the foregoing, Sorensen has not met his burden of demonstrating a fair and just reason for withdrawal of his guilty plea. The defendant's motion to

withdraw plea should be denied.

RESPECTFULLY SUBMITTED this 22nd day of September, 2006, in Anchorage, Alaska.

        NELSON P. COHEN
        United States Attorney

        s/ David A. Nesbett
        Special Assistant U.S. Attorney
        Federal Building & U.S. Courthouse
        222 West Seventh Avenue, Rm 253
        Anchorage, Alaska  99513-7567
        Phone: (907) 271-6306
        Fax: (907) 271-1500
        E-mail: david.nesbett@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22nd, 2006,
a copy of the foregoing  was served
electronically on Lance Wells.

s/ David A. Nesbett