Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

RECEIVED

OCT 0 6 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RONALD D. SORENSEN, | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. 3:06-cr-00019-RRB |

### AFFIDAVIT OF RONALD D. SORENSEN

STATE OF ALASKA          )
                         ) ss:
THIRD JUDICIAL DISTRICT  )

I, Ronald Sorensen, depose and state as follows:

1.    I am the defendant in the above-captioned action.

2.    I am asking this court to allow me to withdraw my plea.

3.    I believe I should be entitled to withdraw my plea in the above action as, on the day that I entered my plea, the court indicated that it would begin trial had I not changed my plea.

4.    I felt very pressured, not only by the court but by my attorney as well.

5.    I realize that I face an 851 notice being filed.

6.    I also realize that I could lose acceptance of responsibility.

7.   However, I maintain my innocence.

8.   I feel as that if my lawyer, Mr. Wells, did not bring to this court's attention, due process issues as they pertain to my case surrounding statements made by my former co-defendant, Sandra Mitchell. Her statements were ultimately used to obtain a search warrant in which to search our residence. The contraband was located within the residence.

9.   Magistrate Roberts recommended that her statements be suppressed.

10.   I feel that her statements should have been suppressed, as well as any fruits derived therefrom.

11.   I believe that I should have been allowed to litigate this issue as it pertains to me.

12.   I do not believe that Mr. Wells fully developed this issue.

13.   I do not believe that the plea of guilty that I entered was made knowingly, voluntarily, and intelligently by me. As I stated above, I felt pressured not only from this court but Mr. Wells as well.

14.   Mr. Wells indicated to me that, if in fact I did not accept the plea agreement, the government was going to file an 851 notice upon me, increasing my minimum mandatory sentence to 20 years.

15.   I did not have enough time to reflect upon my options.

*AFFIDAVIT OF RONALD D. SORENSEN*
*United States of America v. Ronald D. Sorensen*
*Case No. 3:06-cr-00019-RRB*                                    *Page 2 of 4*

16.  I contacted Mr. Wells' office several days after my change of plea, and left a message for Mr. Wells to file a motion to withdraw my plea.

17.  Unfortunately, Mr. Wells was out of town in another matter, in trial.

18.  I met with Mr. Wells on September 7, 2006, at the Cook Inlet Pretrial Facility in Anchorage.

19.  At that time, I explained to Mr. Wells my desire to withdraw my plea, to maintain my innocence, and to proceed to trial.

20.  Mr. Wells indicated he would a file a motion to withdraw my plea.

21.  I believe conflict counsel should be appointed to represent me, at least during this portion of the case surrounding this motion to withdraw plea.

22.  Mr. Wells will be called as a witness to testify surrounding issues about our discussions regarding the change of plea, our plea agreement, the preservation of my appeal rights as were part of my plea agreement, including any and all other information that the court deems relevant surrounding my request to withdraw my plea based on the above.

23.  Mr. Wells was privately retained.

24.  I do not have the funds to retain another attorney.

25.  I respectfully request the court to appoint conflict counsel.

*AFFIDAVIT OF RONALD D. SORENSEN*
*United States of America v. Ronald D. Sorensen*
*Case No. 3:06-cr-00019-RRB*                                    *Page 3 of 4*

26.    Furthermore, conflict counsel may well wish to further develop this motion in support of my request to withdraw my plea of guilty.

27.    I believe I have shown fair and just reasons to allow plea withdrawal in the above matte.

28.    Furthermore, I do not believe that the government will be prejudiced in any way, as the government--if I'm allowed to withdraw my plea--I suspect will immediately file an 851 notice, and I will most likely lose acceptance of responsibility by going to trial.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

DATED at Anchorage, Alaska, this 5th day of ~~September~~ Oct C.w. 2006.

_____
Ronald D. Sorensen

SUBSCRIBED AND AFFIRMED before me this 5th day of ~~September~~ Oct C.w. 2006, at Anchorage, Alaska.

_____
Notary in and for Alaska
My commission expires: 6·18·09



CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on ~~September 13~~th, 2006, a copy of the foregoing was served electronically:

David A. Nesbett
Asst. U.S. Attorney
david.nesbett@usdoj.gov

s/Lance C. Wells