IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>vs.<br><br>RONALD D. SORENSEN,<br><br>             Defendant. | Case No. 3:06-cv-0019-RRB<br><br>**ORDER DENYING MOTION TO**<br>**WITHDRAW PLEA** |

Before the Court, at Docket 85, is Defendant's Motion to Withdraw Plea. Conflict counsel was appointed for Defendant for the purpose of this motion and an evidentiary hearing was held on January 9, 2007. The Court took sworn testimony from Defendant and heard the arguments of counsel. The Court thereafter denied the aforesaid motion. The Court sets forth its reasoning below.

It is the finding of the Court that Defendant failed to establish a fair and just reason for the withdrawal of his plea pursuant to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure. Specifically, there exists no newly discovered evidence, no intervening circumstance, or no other legitimate

ORDER DENYING MOTION TO
   WITHDRAW PLEA - 1
3:06-CR-0019-RRB

reason for the withdrawal of plea that did not exist at the time Defendant entered his plea. In reaching this conclusion, the Court considered a number of factors, including a concern that Defendant, who has utilized or consulted with at least 5 attorneys during the course of this matter, appears to be attempting to manipulate the system. Defendant has testified under oath that at least two of his prior attorneys lied to him. However, it appears more likely that there was merely a disagreement regarding the law and legal strategy between Defendant and his legal counsel. Defendant has testified under oath, on one occasion, that he was guilty of the crime charged and, on another occasion, that he was not guilty of the crime charged. His credibility is therefore suspect. Furthermore, the Government would be prejudiced if Defendant were now able to withdraw his plea. The sentencing of the co-Defendant was specifically set to take place <u>after</u> Defendant went to trial or entered a plea. As it turned out, the co-Defendant, who is Defendant's stepmother, was sentenced after Defendant entered his guilty plea, but before the motion to withdraw his plea was filed. She therefore no longer has any incentive to cooperate with the Government.

      Much of Defendant's argument for withdrawing his plea relates to the issuance of the search warrant in this matter which was obtained, in part, as a result of statements made by the co-

Defendant. Defendant believes that the co-Defendant's constitutional rights were violated regarding statements made and that these violations should accrue to his benefit and the warrant be suppressed. There is no law, however, to support this theory because any basis for excluding third party evidence must be found in a federal constitutional right personal to Defendant. Here there is no evidence that any of Defendant's constitutional rights were violated. This issue, however, has been preserved for appeal.

The Court conducted a thorough and careful colloquy with Defendant at the time he entered his guilty plea. This led the Court to conclude not only that Defendant was guilty of the crime charged, but that his decision to so plead was made freely and voluntarily. It is clear that Defendant received the benefit of his bargain with the Government and that his guilty plea was properly accepted by the Court. There is no just reason to permit withdrawal of that plea now.

ENTERED this 10th day of January, 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE