**STEVEN JAY ROZAN**
STEVEN JAY ROZAN & ASSOCIATES
Attorneys-at-Law
5051 Westheimer Road, Suite-725
Houston, Texas 77056
Phone: 713/627-3608
Fax:    713/622-8777
E-mail: sjrozan@yahoo.com
TX # 17357000

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 3:06-cr-00019-RRB-1 |
| | ) | |
| RONALD DALE SORENSEN, | ) | |
| | )) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES Defendant, RONALD DALE SORENSEN, by and through Counsel

and in support of this Memorandum would show as follows:

I.

Sentencing is currently set in this case for June 1, 2007.

II.

While the Defendant has a fairly convoluted and extensive criminal history;

nonetheless, this Court stands uniquely poised  to both met out punishment pursuant to the contours of 18 U.S.S.G. § 3553(a) and at the same time potentially salvage a young life that has been obviously ravaged by drug usage.

It is natural for the government to wage a (losing) war on drugs and highly desirable for them to prosecute those in possession of controlled substances, such as Ronald Sorensen. However, Counsel respectfully requests and submits that the Court seriously consider that prison is simply not a panacea for all the ills of society. Ronald Sorensen is more a casualty of that failed war on drugs and of an enormously broken home. His mother died when he was an extremely impressionable three (3) years old and in dire need of both maternal upbringing and guidance and his father  recently died in 2003, but not until that parental figure introduced and induced Ronald Sorensen to drug usage and from thence forward, to poisoning his world. In the interim, he was raised by various aunts and uncles and his grandfather. His life has been dismal and he has been a virtual failure at just about everything in his life, inclusive of the proper upbringing of his own two (2) daughters. For the government to state in their Memorandum that [the] "Defendant . . . appears to have a substance abuse problem" is a gross understatement! Ronald Sorensen's life makes him a poster-child for substance abuse.

**U . S. v. RONALD DALE SORENSEN**
3:06-CR-0019-RRB

2

However, Ronald Sorensen does not have to be more severely punished more than life has already had in store for him over the years, which has earned him an incredible resume of some 14 Criminal History points.

The wholesome purpose of 18 U.S.C.§ 3553(a) is to overall allow this Court to consider the man as a whole and within the context of the fragility of humanity and of the foibles of human beings, including our own stupidity in our day-to-day living.

Ronald Sorensen should be given serious consideration of restoring the original three (3) offense level reduction for his Acceptance of Responsibility. Counsel properly summises that this particular Defendant was not then, and most likely currently, still does not fully comprehend or understand the full gravity of what he is charged with. His lame and unsuccessfully attempt to withdraw his earlier plea of guilty pursuant to Rule 32(d) F. R. Cr. P. was nothing more than a glaring reflection of the loss of Ronald sorensen's own refinement into adulthood and a complete lack of appreciation of the mess that his life as-a-whole has become. U.S.S.G. § 3E1.1, application Note-2 (Commentary) permits special emphasis where a defendant fosters his Acceptance of Responsibility, and yet retains some attitude . . . some hope, that in exercising his constitutional right to a trial, he might prevail on whatever slight or imagined technical

**U . S. v. RONALD DALE SORENSEN**
3:06-CR-0019-RRB

3

issue causes him to hesitate. It is firmly believed by Counsel herein and fervently prayed that this Court might exercise some additional insight and judgment in this regard by a review of the Court's Docket Report in this cause. There were several Pre-trial Motions that should have been filed on Ronald Sorensen's behalf by his then previous Counsel allowed him to plead guilty. No Motion for Discovery, *Brady* material, 404(b) material, Motion To Compel Agents to Preserve Rough Notes, Motion for Idnetit of Confidential Informants and Equal Access to for Purposes of Interview, Motion to Dismiss Indictment for Want of Sufficiency or any other attendant "boiler-plate" standardized Motions were ever filed on Ronald Sorensen's behalf to allow his then Counsel to thoroughly explain as a matter of documentary proof and legal protocal that the government had him squarely within their prosecutorial cross-hairs. It is no wonder that Sorensen seemingly equivocated at critical times during his Rule 11 Rearraignment and understandably emotionally wrestled with the prospect and advent of a huge ten (10) year to LIFE imprisonment. If this Court were to re-evaluate the "factual guilt" within all of the aforementioned background of this young man; it would at least make it more possible and perhaps palatable for the Court to consider his Acceptance of Responsibility and deduct three (3) offense levels allowing him to be sentenced on a Total Offense Level of 29  in Criminal History Category VI yielding

**U . S. v. RONALD DALE SORENSEN**
3:06-CR-0019-RRB

an advisory Guideline range of 151-188 months imprisonment. This is still a huge

amount of jail time, even at the low or mid-level range for a young person who is only

30-years old and who has no genuine or realistic skills or goals in life. However, it is

respectfully submitted that it is a sufficient amount of time and punishment for the

offense committed. It is simply too much of a "slam-dunk" for the government to tout

that drugs are bad, methamphetamine has horrible effects on society, etc. It is also

respectfully submitted that this Court has the additional responsibility to seriously

weigh and consider the factors in § 3353(a) per the rehabilitation of the Defendant. It

is therefore within that context that the Defendant respectfully submits and urges this

Court to grant him Acceptance of Responsibility, reduce his Total Offense Level

accordingly and sentence him within the 151-188 month advisory Guideline range.

RESPECTFULLY SUBMITTED on May 21, 2007, in Anchorage, Alaska.

**STEVEN JAY ROZAN & ASSOCIATES**

 s/Steven Jay Rozan
STEVEN JAY ROZAN
TBN#17357000
FED ID# 1136 [USDC/SDTX]
5051 WESTHEIMER, SUITE-725
HOUSTON, TEXAS 77056
713/627-3608 -TELEPHONE
713/622-8777 -FACSIMILE
E-mail: sjrozan@yahoo.com
Attorney for Defendant
RONALD DALE SORENSEN

**CERTIFICATE OF SERVICE**

I hereby certify that on MAY 21, 2007
a copy of the above and foregoing Defendant's Sentencing Memorandum
 was served on AUSA John J. Novak by electronic notice.

 s/Steven Jay Rozan


and faxed to:
Barbara D. Burton
U. S. Probation
(907) 271-3060

 s/ Steven Jay Rozan


**U . S. v. RONALD DALE SORENSEN**
3:06-CR-0019-RRB